07-1767-cv
The New Phone Co., Inc. v. The City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand and nine.

Present:     WILFRED FEINBERG,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,

                  Circuit Judges.

---

THE NEW PHONE CO., INC.,
                      Plaintiff-Appellant,

          -v-                                              07-1767-cv

THE CITY OF NEW YORK,
                      Defendant-Appellee.

---

Appearing for Plaintiff-Appellant:     Mayne Miller, New York, NY.


Appearing for Defendant-Appellee:     Francis F. Caputo, Assistant Corporation Counsel
(Bruce Regal, Michael S. Adler, Jerald Horowitz, and
Karen M. Griffin, Assistant Corporation Counsels, of
counsel), for Michael A. Cardozo, Corporation
Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, J.).


**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

This is an appeal from a judgment, filed April 10, 2007, of the United States District Court for the Eastern District of New York (Gleeson, J.), granting the defendant's motion to dismiss the complaint. The judgment memorializes the district court's order, filed April 6, 2007, adopting in its entirety the Report and Recommendation of Magistrate Judge Kiyo Matsumoto, filed November 30, 2006, and rejecting NPC's objections thereto

We assume the parties' familiarity with the facts and procedural history of the case. In an order, filed December 16, 2007, this Court granted the motion of plaintiff-appellant The New Phone Co., Inc. ("NPC") to have the instant appeal heard in tandem with the appeal in The New Phone, Co., Inc. v. New York City Dept. Of Information Technology and Telecommunications, 06-5276. In its declaration in support of the motion, NPC stated that "[t]he basic complaints in both cases are the same – the oppressive regulatory scheme for public pay telephones . . . inaugurated by the City [of New York] and administered with ever more oppression and favoritism . . . ." That is, in both cases, NPC challenges Local Law 68, passed by New York City ("the City") in 1995, which enacted a regulatory scheme for the placement of pay telephones on public property.

NPC asserts claims under: (1) the Federal Telecommunications Act of 1996 ("the TCA"), 47 U.S.C. Section 253; (2) Section 90 of the New York State Public Service Law, Pub. Serv. L. Section 90; and (3) numerous provisions of the Federal Constitution. Also in its declaration in support of the motion to have the instant appeal heard in tandem with the appeal in 06-5276, NPC avers that "[m]ost of the alleged grounds for dismissal of the two actions . . . are identical . . . ." Our review of the district court's grant of dismissal is de novo. See Staehr v. Hartford Fin. Serv. Group, Inc., 547 F.3d 406, 424 (2d Cir. 2008).

Relying upon our recent decision in Global Network Communications, Inc. v. City of New York, 562 F.3d 145 (2d Cir. 2009), a case also involving a challenge to Local Law 68, we held in 06-5276 that NPC's claims under the TCA fail because, pursuant to the statute's "safe-harbor" provision, 47 U.S.C. Section 253(c), the regulatory scheme set forth in Local Law 68 was exempt from the terms of the TCA. See The New Phone, Co., Inc. v. New York City Dept. Of Information Technology and Telecommunications, No. 06-5276 (2d Cir. 2009). We believe

2

that this holding is equally applicable to NPC's claims under the TCA here, and we accordingly affirm the dismissal of those claims.

We have reviewed NPC's arguments urging us to reverse the district court's dismissal of its remaining claims, and we believe they are without merit. Accordingly, we affirm the dismissal of those claims.

For the reasons stated above, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:

_____